IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GARY L. BAILEY, #M0929                                                PETITIONER

VERSUS                                   CIVIL ACTION NO. 4:09cv7-TSL-LRA

TODD KEMP                                                             RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Clarke County Jail, Quitman, Mississippi, files this petition for habeas relief pursuant to 28 U.S.C. § 2241.

Petitioner states that he was initially arrested in 2007 and charged with the crime of joy riding. In his response [4], petitioner states that he was then released "on November 17, 2007, because the joy riding charge was dropped." In February 2008, he was once again arrested for the previous charge of joy riding. But according to the response [4], the charge of joy riding was a felon, not a misdemeanor, because of the change in the Mississippi criminal statute.

The petitioner also claims in his response [4] that while incarcerated at the Clarke County Jail he was charged with possession of a cell phone in a correctional facility. According to the response [4], petitioner posted bail and was released. However, the "[p]etitioner was arrested for failure to appear on December 15, 2008, and jailed with no bail." The petitioner has

filed in the instant request for habeas relief because he argues that he is being illegally and unconstitutionally incarcerated.

Finally, the petitioner complains that he has not received the requested medical care for broken ribs and facial injuries. In his original complaint [1], the petitioner further asserts that he has been denied access to a law library and the only means of communication is through the postal service.

After liberally construing petitioner's application for habeas corpus relief [1] and his response [4] as required by <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the court has come to the following conclusion.

A pre-trial petitioner challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 224 (5th Cir.), <u>cert. denied</u>, 484 U.S. 956 (1987). Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created. <u>Id.</u> at 225. The petitioner states in his response [4] that he has not presented his claims relating to the charges of joy riding and possession of a cell phone in the a correctional facility to the state courts. Therefore, the petitioner has failed to exhaust his available state remedies.

Even if petitioner had exhausted his available state court remedies, "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973). The United States Supreme Court made a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, id. at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial." Id., citing Smith v. Hooey, 393 U.S. 374 (1969). The United States Court of Appeals for the Fifth Circuit in Brown v. Estelle, 530 F.2d 1280, 1282-83 (5th Cir. 1976), held that the distinction is based on the type of relief requested by the petitioner. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." Id. If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. Id. It appears from the petitioner's assertions that he was unlawfully arrested and criminally charged with joy riding and possession of a cell phone in a correctional facility he is attempting to assert "an affirmative defense to a

3

state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 508-09. Therefore, habeas corpus is not an available remedy.

The petitioner is further asserting in his response [4] that he has been denied medical care, access to a law library and the ability to communicate by "all forms of accessible communications other than the U.S. Postal Service." Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). Thus, the petitioner must pursue his claim relating to the alleged denial of medical care and other allegations of his conditions of confinement by filing a separate civil action pursuant to 42 U.S.C. § 1983.

## CONCLUSION

As previously discussed, the petitioner has failed to exhaust his available state remedies. However, even if petitioner exhausted his available state remedies, he has failed under the allegations of the instant petition to present a claim upon which habeas corpus relief may be granted. Therefore, this petition for habeas relief is dismissed without prejudice and without an evidentiary hearing.

Additionally, the petitioner cannot maintain his claims relating to medical care or other conditions of confinement in

4

the instant petition for habeas relief.  If the petitioner wishes to pursue these claims relating to the conditions of his confinement, he is required to file a separate civil action pursuant to 42 U.S.C. § 1983 concerning his medical claim.  Accordingly, it is

ORDERED that the clerk mail to the plaintiff at his last known address a set of prisoner complaint forms pursuant to 42 U.S.C. § 1983 including a form to proceed in forma pauperis so that he may pursue his medical claims as well as the other claims relating to his conditions of confinement presented in the instant habeas request.

IT IS FURTHER ORDERED that a final judgment will be entered in accordance with this memorandum opinion and order.

SO ORDERED this the 3rd day of February, 2009.

/S/ TOM S. LEE
UNITED STATES DISTRICT JUDGE